BRIGGS *against* ROWE and HICKS.

By an exception to bail, after copy plea served, though received without objection, the plea becomes a nullity; and, to prevent a default, the defendant must plead *de novo* after justification.
And this, though one of the defendants (joint debtors) be not arrested ; and bail be put in as to both.

THE *capias ad respondendum* was issued against the defendants as joint debtors; but Rowe only was arrested. It was returned *cepi corpus* as to him, in May term, 1827. On the 8th of June, the plaintiff's attorney delivered a declaration to the defendants' attorney, *de bene esse ;* and on the 6th of July following, both defendants appeared by putting in special bail. The defendants' attorney gave notice of bail to the plaintiff's attorney, and, at the same time, served him with pleas for both, which he accepted without objection. On the 7th, the plaintiff's attorney excepted to the bail, giving notice of the exception; and on the 10th, the bail justified. On the 16th, the plaintiff's attorney entered the defendants' default for want of plea; and at August term last, entered a rule for interlocutory judgment.

On these facts, and an affidavit of merits on the part of the defendants,

[*509]    *S. Beardsley*, for the defendants, moved to set aside the default and all subsequent proceedings.

*E. Cowen*, contra.

[1] For the regulations of appeals from justices courts, under the New York Code. See Waterman's Tr., p. 228, *et seq.*

*Curia.* By the exception, there was no bail; and of course the pleas became a nullity. (*Adams* v. *Minton*, 6 Cowen, 56.) The defendants could not plead till they had properly appeared, which, in this case, must have been by putting in, and perfecting special bail. This case is sought to be distinguished from that cited, by the circumstance, that here only Rowe was arrested; and special bail could not be exacted as to Hicks. We think this rather a reason why the plaintiff might hold him to greater strictness in the mode of his appearance. It is urged, that holding defendants to a complete appearance before the service of a plea shall have any effect, is inconvenient in practice. But it matters very little which way the rule is, when once understood. It is of more importance that it should be uniform. *Adams* v. *Minton* is in point; and the motion, so far as it is founded on irregularity, must be denied.´

But on the ground of merits, let the default be set aside, upon payment of costs.

Rule accordingly.